### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KNOWLEDGE WHITE,**

      **Plaintiff,**

                                     **Civil Action 2:12-cv-1125**

    **v.**                             **Judge George C. Smith**

                                     **Magistrate Judge Elizabeth P. Deavers**

**JOHN KASICH,** *et al.*,

      **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 10.) Also before the Court is Plaintiffs' Motion to Certify Class Action and Motion for Appointment of Counsel.[1] (ECF No. 8.) Finally, this matter is before the Court for an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons that follow, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**. (ECF No. 10.) Plaintiff's Motion for Appointment of Counsel is **DENIED**. It is **RECOMMENDED** that Plaintiff's Motion to Certify Class Action be **DENIED**. It is further **RECOMMENDED** that Plaintiff's purported § 1983 claims against Defendants Governor Kasich, the State of Ohio, Gary Mohr, the Ohio Department of Rehabilitation and Corrections ("ODRC"), Rhonda Richards, Inspector Wingard, Ms. Boykin, Ms. Kesken, J. Cathel, the State Highway Patrol, and Shawn McLaughlin, be **DISMISSED**. At this juncture, Plaintiff may proceed on his claims against Defendants Snowball, John Doe #1 and John Doe #2 for cruel and

---

[1]Plaintiff, who proceeds without the assistance of counsel, raises his Motion to Certify Class Action and his Request for Counsel in his Amended Complaint. (Am. Compl. 3, ECF No. 8.) The Court nevertheless construes Plaintiffs' inclusion of such requests as separate Motions.

unusual punishment, excessive force, and retaliation for exercising his right to access the courts.

## I.

Plaintiff, a *pro se* prisoner incarcerated at the Correctional Reception Center ("CRC"), brings this action pursuant to 42 U.S.C. § 1983.  (Am. Compl. 3, ECF No. 8.)  Plaintiff alleges numerous factual scenarios in his Amended Complaint which he contends entitle him to relief.

### A.    Denial of Good Time Credits

Plaintiff alleges that Judge Stephen McIntosh, who is not a named defendant, denied him his good-time credits for discriminatory reasons.  (Am. Compl. 4, ECF No. 8.)  Plaintiff alleges that he was entitled to good-time credits from December 23, 2007 until May 7, 2008.  He contends that Judge McIntosh's actions constitute an ethical violation.  As a result of the denial of good-time credits, Plaintiff contends that he has suffered cruel and unusual punishment from December 23, 2007 until the present.  *Id.*

### B.    Defendants State Highway Patrol, Kesken, Boykin, and O'Brien

Plaintiff alleges that state troopers pulled him over in the early morning hours of either September 20 or 21st.[2]  (Am. Compl. 4, ECF No. 8.)  Officers detained Plaintiff, and purported to recover "substances" and fire arms from Plaintiff's vehicle.  *Id.*

Plaintiff further alleges that parole officers Boykin and Kesken and the parole board "acted as [a] judicial" body and sent him to prison.  According to Plaintiff, the parole board revoked his parole without an indictment or finding of guilt as to the officers' allegations surrounding the vehicle search.  Plaintiff contends that parole officers Boykin and Kesken

---

[2]Plaintiff does not indicate in which year this incident allegedly occurred.

2

"wrongfully restrained Plaintiff of liberty; right to free speech, expression and fair hearing." *Id.*

Finally, Plaintiff alleges that Defendant O'Brien knew of a risk of harm, and violated the professional rules of conduct for attorneys. *Id.* at 6. According to Plaintiff, Defendant O'Brien also discriminated against him on the basis of race. *Id.*

## C. Governor Kasich, Gary Mohr, Wanda Richards, Inspector Wingard, ODRC

Plaintiff alleges that he and other inmates of CRC suffer from conditions of prison overcrowding, clean water and air violations, the denial of medical care, and corporal punishment. (Am. Compl. 6-7, ECF No. 8.) He further contends that Defendants Governor Kasich, Gary Mohr, ODRC, Warden Rhonda Richards, and Inspector Wingard wrongfully restrained his liberty. *Id.* at 5.

## D. J. Cathel, Prison Cashier

Plaintiff alleges that J. Cathel of the prison cashier's office has ignored his request for a prison account statement to support his application to proceed *in forma pauperis*. (Am. Compl. 6, ECF No. 8.)

## E. Additional Purported Claims

Plaintiff also lists a slew of additional causes of action that he purports to assert in this case, including claims for deliberate indifference to serious safety and health issues; denial of due process in multiple ways"; incarcerating the body and the bodies of Plaintiff and the purported class members; denial of fair or any access to court, administrative rules and legal cases; wrongful restraint of liberty; cruel and unusual punishment; unsanitary and inhumane conditions of confinement; denial of right to habeas relief and lawsuits; lack of handicap accommodations; denial of hygiene articles; refusal of medical treatment and care; denial of

3

showers; denial of sanitary showers; denial of free speech and expression; mail tampering and

delays; repeated assaults by guards; the refusal to provide heat in cells and buildings; racial

discrimination; and violations of privacy rights.  (Am. Compl. 3-4, ECF No. 8.)

**F.     Motion to Certify Class and Request for Counsel**

Plaintiff seeks to bring a class action on behalf of all "inmates living or dead from 1998

or so."  (Am. Compl. 6, ECF No. 8.)  He seeks to bring as a class action claims of "prison and

jail overcrowding, over flow, educing pain and suffering, and attacks and assaults by staff while

cuffed and shackled," as well as "lying conspiring and covering up, and killing some inmates, in

their full and individual capacity."  *Id.*  Plaintiff further contends that class treatment is

appropriate for claims that "medical care or treatment was refused along with multiple class

members, especially in segregation units and RTU; wrongful diagnoses and over medicating as a

weapon to prevent telling anyone and gaining help or reviews."  *Id.*  Plaintiff also seeks counsel

to represent him and the class in this case.  *Id.* at 8.

**G.     Officer Snowball, John Doe #1 and John Doe #2**

Plaintiff alleges that on December 23, 2012 Officer Snowball approached him while he

was on his way back from dinner.  (Am. Compl. 5, ECF No. 8.)  According to Plaintiff, Officer

Snowball accused him of stealing from the mess hall.  The officer then purportedly searched

Plaintiff while using racial overtones and foul language.  *Id.*  In response to the officer's

language and behavior, Plaintiff allegedly stated that he has a right to complain to the officer's

supervisor.  According to Plaintiff, Officer Snowball then threatened Plaintiff, stating "I'll send

you to the hole burnin' Jamal!"  *Id.* at 5.  Plaintiff informed Officer Snowball that his name is not

"Jamal."  Officer Snowball allegedly responded, "Get your [expletive] back in line Jamal, you

ain't as smart as you think!" *Id.*  Plaintiff alleges that when he attempted to return to the line, Officer Snowball and two unidentified officers sprayed him with pepper spray. *Id.*

According to Plaintiff, officers then directed him to the infirmary to be treated for the pepper spray incident.  One of the unidentified officers purportedly threatened Plaintiff, stating that he would inflict bodily harm if Plaintiff told medical staff what had happened. *Id.* at 6. Officers then sent Plaintiff to the segregation unit and denied him access to the prison grievance procedure.  Plaintiff remained in segregation for sixteen days.

## II.

As a preliminary matter, the Court notes that Plaintiff filed two separate Motions for Leave to Proceed *In Forma Pauperis*.  (ECF Nos. 9 and 10.)  Although the two Motions are substantively identical, the second Motion includes a prison account statement from Plaintiff's institution of incarceration.  (ECF No. 10.)  Accordingly, the Court construes Plaintiff's second Motion as an amendment to the first.  The Clerk is **DIRECTED** to re-label the docket entry for Plaintiff's second Motion (ECF No. 10) as an Amended Motion for Leave to Proceed *In Forma Pauperis* and remove the first Motion (ECF No. 9) from the Court's pending motion list.

Plaintiff's Amended Motion for Leave to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 10.)  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's prison account statement reveals that he currently possesses no money in his prison account, which is insufficient to pay the full filing fee.  His application indicates that his average monthly balance for the six-month period prior to filing his application to proceed *in forma pauperis* was $238.48.  Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Identification Number

A577796) at the Correctional Reception Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**III.**

In his Complaint, Plaintiff requests the Court to appoint counsel in this case. (Am.
Compl. 8, ECF No. 8.) At this juncture, Plaintiff's request for counsel is **DENIED** without
prejudice to refiling following the disposition of dispositive motions, if any. A plaintiff does not
have a constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)
(citation omitted). Although the Court has the statutory authority to appoint counsel in civil
cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to extraordinary
situations. *Id.* at 606. The Court has evaluated whether such exceptional circumstances exist in
this case, and determines that the appointment of counsel is not warranted at this juncture.

**IV.**

This matter is before the Court for the initial screen of Plaintiff's Complaint pursuant to
28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of
Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a defendant who is immune
from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons
that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported § 1983
claims against Defendants Governor Kasich, the State of Ohio, Gary Mohr, ODRC, Rhonda
Richards, Inspector Wingard, Ms. Boykin, Ms. Kesken, J. Cathel, the State Highway Patrol, and
McLaughlin. At this juncture, Plaintiff may proceed on his claims against Defendants Snowball,
John Doe #1 and John Doe #2 for cruel and unusual punishment, excessive force, and retaliation
for exercising his right to access the court.

Plaintiff is cautioned that he must amend his Complaint within the remaining service time

7

to include the identities of the John Doe Defendants. Otherwise, these Defendants will be dismissed.  Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in the Complaint.  Fed. R. Civ. P. 10(a).  Though the naming of pseudonymous defendants is permissible where the party requires discovery to identify the true identity of the defendants, the party must subsequently amend the complaint to reflect the discovered identities and effect service over those named parties within the 120-day time period set forth in Rule 4(m) of the Federal Rules of Civil Procedure.  *See Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within the 120-day time period); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  Accordingly, Plaintiff must amend his Complaint to identify the John Doe Defendants and perfect service over them within 120 days of the filing of the Amended Complaint.

**A.**     **Standard for Initial Screens**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[3] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>       *     *     *
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.  *See*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

     To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' .

. . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it

---

[3]Formerly 28 U.S.C. § 1915(d).

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## A.    Denial of Good Time Credits

Plaintiff purports to assert claims for the alleged wrongful denial of good-time credits and resulting infliction of cruel and unusual punishment.  Although Plaintiff does not indicate which of the named Defendants is allegedly responsible for the denial of his good-time credits or the infliction of cruel and unusual punishment, the Undersigned notes that Plaintiff has failed to

state such claims against any Defendant.[4]

First, a claim for the denial good time credits generally must be brought in a habeas corpus petition. *See Durr v. Cordray*, 602 F.3d 731, 735 (6th Cir. 2010) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-92 (2005)) (noting that "'habeas [is] the sole vehicle for an inmate's constitutional challenge to procedures employed by state officials to deprive him of good-time credits'"). Here, Plaintiff challenges the revocation of the good-time credits. *See* Am. Compl. (alleging that the denial of Plaintiff's credits was based on discriminatory animus rather than legitimate grounds). Thus, Plaintiff must raise this challenge in a habeas corpus petition.[5]

Second, Plaintiff fails to allege that any of the named Defendants were involved in the denial of good-time credits or the infliction of cruel and unusual punishment that allegedly followed. To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements: (1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United States. *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). To sufficiently plead the first element, a

---

[4]Plaintiff contends that Judge Stephen McIntosh denied his good-time credits due to discriminatory animus. (Am. Compl. 4, ECF No. 8.) Plaintiff does not name Judge McIntosh as a Defendant in this case. The Undersigned notes that Plaintiff could not assert a cognizable claim against Judge McIntosh in any event. *See Anthony v. Roberson*, 26 Fed. App'x 419, 421 (6th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)) ("A judge has absolute immunity from civil suits for monetary damages unless the judge has acted in a non-judicial capacity or has performed judicial acts in the complete absence of all jurisdiction.").

[5]Although Plaintiff uses the term "habeas corpus" in his Complaint, *see* Am. Compl. 3, ECF No. 8 (stating that Plaintiff seeks relief under 42 U.S.C. § 1983 and "habeas corpus" relief under 28 U.S.C. § 2254), Plaintiff primarily alleges facts geared toward § 1983 relief. The Court thus construes Plaintiff's Complaint as one seeking § 1983 relief as opposed to a habeas corpus petition. Accordingly, any recommendation of dismissal contained herein relates only to Plaintiff's allegations in the context of his request for § 1983 relief.

plaintiff must allege "personal involvement" on the part of the defendant.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Id*. (citation omitted).  "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).  Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Id.*

Here, Plaintiff merely alleges that a non-defendant, Judge Stephen McIntosh, denied his good-time credits and caused him to suffer cruel and unusual punishment as a result.  (Am. Compl. 4, ECF No. 8.)  He fails to allege the requisite personal involvement of any named Defendant.  To the extent Plaintiff seeks to hold the State of Ohio or Defendant Kasich liable for the state court judge's actions, his claims fail for numerous reasons, including because these Defendants cannot be held liable under a theory of *respondeat superior*.  *Grinter*, 532 F.3d at 575.

Accordingly, it is **RECOMMENDED** that Plaintiff's purported § 1983 claims arising from the denial of good-time credits be **DISMISSED** for failure to state a claim.

**B.**    **Defendant McLaughlin**

Likewise, any purported claims against Defendant McLaughlin must be dismissed.  As a preliminary matter, the Undersigned notes that although Plaintiff named Defendant McLaughlin as a Defendant in his original Complaint, he did not include him in the caption of his Amended Complaint.  It is well-settled that an amended complaint supersedes an original complaint.  *See*

12

*ComputerEase Software, Inc. v. Hemisphere Corp*, No. 1:06-cv-247, 2007 WL 852103, at *1

(S.D. Ohio Mar. 19, 2007) (quoting *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at

*2 (S.D. Ohio Sept. 27, 2006)) (recognizing that an "amended complaint supersedes the original

complaint and is the 'legally operative complaint'" upon filing). Thus, a plaintiff's failure to

include a previously named defendant in his amended complaint will ordinarily be construed as

abandonment of claims against that defendant. Here, however, consistent with the Court's

obligation to construe Plaintiff's *pro se* Complaint liberally, *Garrett*, 2010 WL 1252923, at *2,

the Court considers Plaintiff's failure to include McLaughlin in his Amended Complaint to be a

scrivener's error. The Court therefore considers McLaughlin to be a named Defendant in the

Amended Complaint.

Nevertheless, Plaintiff's claims against Defendant McLaughlin must be dismissed. Other

than including him as a Defendant, Plaintiff does not mention Defendant McLaughlin at all again

in his Amended Complaint (or his original Complaint, for that matter). Thus, Plaintiff has failed

to state a claim against Defendant McLaughlin that is plausible on its face. *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 570). It is, therefore, **RECOMMENDED** that Plaintiff's

claims against Defendant McLaughlin be **DISMISSED**.

**C.   Defendant O'Brien**

Plaintiff also failed to name Ron O'Brien as a Defendant in his Amended Complaint.

The Court nevertheless construes Plaintiff's mistake as a scrivener's error and considers O'Brien

to be a named Defendant.

Plaintiff's purported claims against O'Brien, too, must be dismissed. Defendant Rob

O'Brien is the Franklin County Prosecuting Attorney. The only allegation Plaintiff makes

13

against O'Brien is that he  "did know of risk of harm, and violated mod[e]l rules of cannon code

of ethics of an attorney and turn his back [sic] because of my race . . . ."  (Am. Compl. 6, ECF

No. 8.)  First, this conclusory allegation consists of mere "labels and conclusions" "devoid of

'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Second, to the extent Defendant O'Brien is the attorney who personally prosecuted Plaintiff, he

is entitled to absolute immunity from civil liability for actions taken in relation to the

prosecution.  *Drake v. Howard*, 463 Fed. App'x 523, 525 (6th Cir. 2012).   Nor can Defendant

O'Brien be held liable for the actions of one of his assistant prosecutors because, again,

respondeat superior does not apply under § 1983.  Accordingly, it is **RECOMMENDED** that

Plaintiff's claim against Defendant O'Brien be **DISMISSED** for failure to state a claim.

### D.    Defendants Kesken and Boykin

Plaintiff's claims against Defendants Kesken and Boykin, both of whom are parole

officers, must also be dismissed.  Plaintiff appears to allege that Kesken and Boykin participated

in the revocation of his parole without first obtaining an indictment or a finding of guilt as to the

underlying criminal charge.  (Am. Compl. at 4, ECF No. 8.)  Parole supervisors and agents are

entitled to absolute immunity from § 1983 civil liability.  *Fleming v. Martin*, 24 Fed. App'x 258,

258 (6th Cir. 2001); *See also Horton v. Martin*, 137 Fed. App'x 773, 775 (6th Cir. 2005)

(quoting *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)) ("'[P]arole board members are

absolutely immune from liability for their conduct in individual parole decisions when they are

exercising their decision making powers.'").  Accordingly, it is **RECOMMENDED** that

Plaintiff's § 1983 claims arising from his parole revocation be **DISMISSED**.

14

E.     **State Highway Patrol**

The Undersigned also recommends dismissal of Plaintiff's claims against the State

Highway Patrol.  Plaintiff also failed to name the State Highway Patrol as a Defendant in his

Amended Complaint.  Nevertheless, the Court construes this failure as a scrivener's error and

considers the State Highway Patrol to be a named Defendant.

Plaintiff alleges that two state highway patrol officers pulled him over, detained him,

searched his car, and purported to recover "substances" and fire arms from his vehicle.  (Am.

Compl. 4, ECF No. 8.)  Plaintiff has not asserted any particular cause of action related to this

event.  Moreover, this factual scenario in no way suggests that the officers violated Plaintiff's

constitutional rights.  It is, therefore, **RECOMMENDED** that Plaintiff's claims against the State

Highway Patrol be **DISMISSED**.

F.     **Prison Cashier**

Plaintiff purports to assert a claim against Defendant J. Cathel, the prison cashier, for

ignoring his request for a prison account statement to support his application to proceed *in forma*

*pauperis*.  (Am. Compl. 6, ECF No. 8.)  The Court takes judicial notice of the fact that the prison

cashier in fact provided Plaintiff with a prison account statement.[6]  (ECF No. 10.)  Accordingly,

Plaintiff's claim against the prison cashier must be dismissed as frivolous.  A claim is frivolous

---

[6]The Court takes judicial notice of the account statement pursuant to Federal Rule of
Evidence 201.  *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject
to reasonable dispute because it . . . can be accurately and readily determined from sources
whose accuracy cannot reasonably be questioned."); *see also Landt v. Farley*, 2012 WL
4473209, *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of
matters of public record, including duly recorded documents, and court records available to the
public through the PACER system and via the internet.") (quotation marks and citation omitted).

if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the claim, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327-28. Because Plaintiff's claim against the cashier lacks an arguable basis in fact, it is **RECOMMENDED** that the claim be **DISMISSED** as frivolous.

**G.      Overcrowding, Clean Water and Air Violations, Denial of Medical Care, and Corporal Punishment**

Plaintiff attempts to assert claims for prison overcrowding, clean water and clean air violations, denial of medical care, and "corporal punishment." (Am. Compl. 6-7, ECF No. 8.) Again, however, Plaintiff's purported claims consist of nothing more than conclusory statements that fail to satisfy the *Twombly* pleading standard. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The totality of Plaintiff's allegations in this regard consists of the following:

> The jails and prisons are overpopulated causing myself and multiple class inmates pain and suffering and injury. Clean water and clean air violations run rampant, and we are routinely refused care deliberately with indifference, to serious safety and medical needs. Along with the persistence threat [sic] and act of cruel and unusual punishment (corporal), due process violations, and wrongful restraining of liberty.

(Am. Compl. 6-7, ECF No. 8.) Without further detail, the Undersigned concludes that these allegations fail to state a claim even under the most liberal construction. *Iqbal*, 556 U.S. at 678. It is **RECOMMENDED** that Plaintiff's purported claims for prison overcrowding, clean water and clean air violations, denial of medical care, and corporal punishment be **DISMISSED**.

**H.      Governor Kasich, Gary Mohr, Wanda Richards, Inspector Wingard, and ODRC**

Plaintiff's claims against Defendants Governor Kasich, Gary Mohr, Wanda Richards, Inspector Wingard, and ODRC must also be dismissed. Plaintiff makes the following allegations against these Defendants: "Governor Kasich, Gary Mohr and [ODRC], and the State of Ohio[,]

16

along with Warden Rohnda Richards and Inspector Wingard did subject [Plaintiff] by wrongfully restraining of any liberty."  (Am. Compl. 5, ECF No. 8.)  He also alleges that "Kasich, Mohr and Richards" conspired with Defendant O'Brien to violate the "mod[e]l rules of cannon code of ethics of an attorney."  *Id.* at 6.  Plaintiff's allegations fail to satisfy the *Twombly* minimum pleading standard because they are "naked assertion[s]" devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 570.)  Plaintiff fails to allege with particularity the actions these Defendants allegedly took that would subject them to § 1983 liability.  It is, therefore, **RECOMMENDED** that Plaintiff's claims against these Defendants be **DISMISSED**.

## I.     Additional Conclusory Claims

Plaintiff also lists a litany of additional causes of action that he purports to assert in this case, including claims for deliberate indifference to serious safety and health issues; denial of due process in multiple ways; incarcerating the body and the bodies of Plaintiff and the purported class members; denial of fair or any access to court, administrative rules and legal cases; wrongful restraint of liberty; cruel and unusual punishment; unsanitary and inhumane conditions of confinement; denial of right to habeas relief and lawsuits; lack of handicap accommodations; denial of hygiene articles; refusal of medical treatment and care; denial of showers; denial of sanitary showers; denial of free speech and expression; mail tampering and delays; repeated assaults by guards; the refusal to provide heat in cells and buildings; racial discrimination; and violations of privacy rights.  (Am. Compl. 3-4, ECF No. 8.)  Plaintiff fails to allege a single fact to support these allegations.  As such, it is **RECOMMENDED** that these purported claims be **DISMISSED**.

17

**J.      Motion to Certify as a Class**

Plaintiff seeks to certify as a class for a class action lawsuit of any and all "inmates living or dead from 1998 or so." (Am. Compl. 6, ECF No. 8.) Among the claims that purportedly qualify for class treatment are assertions of prison overcrowding, attacks and assaults by staff while inmates are handcuffed, "lying, conspiring and covering up, killing some inmates," refusal of medical care, "wrongful diagnosis," and "over medicating as a weapon." *Id.* at 6-7.

Rule 23 of the Federal Rules of Civil Procedure requires a representative party seeking to bring a class action to demonstrate each of the following:

(1)      the class is so numerous that joinder of all members is impracticable;
(2)      there are questions of law or fact common to the class;
(3)      the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)      the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Thus, a court may not certify a class action unless the named plaintiffs satisfy all four of the prerequisites set forth in subdivision (a). The plaintiff bears the burden of establishing Rule 23(a)'s requirements. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996).

The Sixth Circuit has held that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions." *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). One reason for this policy is that "it has generally been held that a *pro se* prison inmate may not maintain a class action because the inmate is not deemed to be able adequately to represent the interests of the class." *Brown v. Collins*, No. 2:07-cv-0826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008).

Here, Plaintiff's request to certify a class for a class action suit fails on numerous grounds.  At a minimum, the request fails because Plaintiff, as a *pro se* prisoner, is unable to adequately protect the interests of a class.  *Brown*, 2008 WL 818793, at \*2.  In reaching this conclusion, the undersigned recognizes that Plaintiff desires counsel in this case.[7]  Nevertheless, for the reasons described above, Plaintiff's request is denied.  Moreover, Plaintiff has failed to mention the Rule 23 factors in his Complaint, much less allege facts that would demonstrate that the factors are met in this case.  *See generally* Am. Compl., ECF No. 8.  Accordingly, it is **RECOMMENDED** that Plaintiff's request to certify as a class be **DENIED**.

## V.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**.  (ECF No. 10.)  Plaintiff's Motion for Appointment of Counsel is **DENIED**.  It is **RECOMMENDED** that Plaintiff's Motion to Certify Class Action be **DENIED**.  It is further **RECOMMENDED** that Plaintiff's purported § 1983 claims against Defendants Governor Kasich, the State of Ohio, Gary Mohr, the Ohio Department of Rehabilitation and Corrections ("ODRC"), Rhonda Richards, Inspector Wingard, Ms. Boykin, Ms. Kesken, J. Cathel, the State Highway Patrol, and Shawn McLaughlin, be **DISMISSED**.  It is also **RECOMMENDED** that Plaintiff's purported claims arising from the denial of his good-time credits, as well as the conclusory claims identified above, be **DISMISSED**.

---

[7]The fact that Plaintiff is moving to certify a class does not constitute extraordinary circumstances for the purposes of appointment of counsel.

At this juncture, Plaintiff may proceed on his claims against Defendants Snowball, John Doe #1 and John Doe #2 for cruel and unusual punishment, excessive force, and retaliation for exercising his right to access the courts.

The United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Snowball a summons and a copy of the Amended Complaint.  Following service, Defendant Snowball is **ORDERED** to answer or otherwise move within **FORTY-FIVE (45) DAYS** of service.

Further, the Clerk of Court is **DIRECTED** to re-label the docket entry for Plaintiff's second Motion (ECF No. 10) as an Amended Motion for Leave to Proceed *In Forma Pauperis* and remove the first Motion (ECF No. 9) from the Court's pending motion list.  The Clerk is also **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office, as well as to the Court's financial office in Columbus.

## VI.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 8, 2013                    /s/ *Elizabeth A. Preston Deavers*
                                       Elizabeth A. Preston Deavers
                                       United States Magistrate Judge

21