UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KNOWLEDGE WHITE,**

    **Plaintiff,**

                                **Civil Action 2:12-cv-1125**
**v.**                            **Judge George C. Smith**
                                **Magistrate Judge Elizabeth P. Deavers**

**JOHN KASICH,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the March 8, 2013 Report and Recommendation of the Magistrate Judge. (ECF No. 11.) Upon an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge recommended that the Court dismiss various claims Plaintiff purports to assert in his Amended Complaint. Plaintiff filed a Motion for Reconsideration of the Report and Recommendation, which the Court construes as an Objection, on March 21, 2013. (ECF No. 13.) This matter is also before the Court for consideration of Plaintiff's Motion for Production of Documents. (ECF No. 13.) For the reasons that follow, Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge is **OVERRULED**. (ECF No. 13.) The Report and Recommendation is **ADOPTED**. (ECF No. 11.) Plaintiff's purported § 1983 claims against Defendants Governor Kasich, the State of Ohio, Gary Mohr, the Ohio Department of Rehabilitation and Corrections ("ODRC"), Rhonda Richards, Inspector Wingard, Ms. Boykin, Ms. Kesken, J. Cathel, the State Highway Patrol, and Shawn McLaughlin, are **DISMISSED**. Plaintiff's Motion to Certify Class Action is **DENIED**. (ECF No. 3.) Plaintiff's Motion for Production of Documents is **DENIED**. (ECF No. 13.) At

this juncture, Plaintiff may proceed on his claims against Defendants Snowball, John Doe #1 and John Doe #2 for cruel and unusual punishment, excessive force, and retaliation for exercising his right to access the courts.

## I.

Plaintiff, a *pro se* prisoner incarcerated at the Correctional Reception Center ("CRC"), brings this action pursuant to 42 U.S.C. § 1983. (Am. Compl. 3, ECF No. 8.) In her Report and Recommendation, the Magistrate Judge set forth the factual allegations contained in Plaintiff's Amended Complaint. (Report and Recommendation 2-5, ECF No. 11.) The Magistrate Judge also correctly set forth the standard for initial screens pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *Id.* at 8-10. The Court adopts the factual background and the standard for initial screens set forth in the Report and Recommendation.

**A.     Review of the Report and Recommendation**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In her Report and Recommendation, the Magistrate Judge specifically informed the parties that "'[a] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal.'" (Report and Recommendation 21, ECF No. 11) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)). The Magistrate Judge also informed the parties that "appellate review of issues not raised in those objections is

2

waived." *Id.* (citing *Tesson*, 507 F.3d at 994).

Here, Plaintiff raises only one particularized objection to the Report and Recommendation of the Magistrate Judge, which must be overruled.  Plaintiff objects to the dismissal of his claims against the State of Ohio, Gary Mohr, ODRC and Warden Richards on the ground that these Defendants "are in supervisory status to" Defendants Snowball, Doe #1 and Doe #2.  (Obj. 2, ECF No. 13.)  As the Magistrate Judge correctly recognized, an individual cannot be sued based on his or her "supervisory status" because "'§ 1983 liability cannot be imposed under a theory of *respondeat superior*.'" (Report and Recommendation 12, ECF No. 11) (quoting *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008)).  In other words, "a supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  Plaintiff provides no indication in his Amended Complaint that any of these four Defendants encouraged the misconduct or otherwise participated in it.  The mere fact that they may have supervised other Defendants cannot subject them to § 1983 liability. *Everson*, 556 F.3d at 495.  Accordingly, Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge is **OVERRULED**.

B.     **Plaintiff's Motion for Production of Documents**

Plaintiff also moves the Court for an order compelling Defendants to produce discovery documents to assist him in identifying Defendants Doe #1 and Doe #2.  (ECF No. 13.)  At this juncture, Plaintiff's Motion is **DENIED**.  (ECF No. 13.)  First, Plaintiff's discovery request is premature.  Plaintiff will have the opportunity to engage in discovery after Defendants are served with and answer the Amended Complaint and after the Court enters a Scheduling Order.

Second, the form of Plaintiff's attempt to obtain discovery is improper.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, once the discovery period opens Plaintiff may seek documents from Defendants by "serv[ing] on [Defendants] a request . . . to produce" documents.  Fed. R. Civ. P. 34.  In other words, Plaintiff need not file a Motion to obtain documents from Defendants.  Rather, once the discovery period opens, Plaintiff must simply serve by mail a request for production of documents on Defendants that conforms with the Federal Rules of Civil Procedure and Local Rules of this Court.

## II.

Accordingly, Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge is **OVERRULED**.  (ECF No. 13.)  The Report and Recommendation is **ADOPTED**.  (ECF No. 11.)  Plaintiff's purported § 1983 claims against Defendants Governor Kasich, the State of Ohio, Gary Mohr, the Ohio Department of Rehabilitation and Corrections ("ODRC"), Rhonda Richards, Inspector Wingard, Ms. Boykin, Ms. Kesken, J. Cathel, the State Highway Patrol, and Shawn McLaughlin, are **DISMISSED**.  Plaintiff's Motion to Certify Class Action is **DENIED**.  (ECF No. 3.)  Plaintiff's Motion for Production of Documents is **DENIED**.  (ECF No. 13.) At this juncture, Plaintiff may proceed on his claims against Defendants Snowball, John Doe #1 and John Doe #2 for cruel and unusual punishment, excessive force, and retaliation for exercising his right to access the courts.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**